

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING AND DISSENTING OPINION

No. 04-24-00653-CV

**IN THE INTEREST OF A.C.P.**, A.I.P, A.M.P., M.J-R.P. III, and M.C.S., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2023PA01264
Honorable Kimberly Burley, Judge Presiding

Opinion by:    Velia J. Meza, Justice
Concurring Opinion by: Lori Massey Brissette, Justice
Concurring & Dissenting Opinion by: H. Todd McCray, Justice

Sitting:        Lori Massey Brissette, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: March 25, 2025

I concur with section 3 of Justice Meza's opinion, in which she affirms the trial court's judgment that there was sufficient evidence to terminate Mother's parental rights pursuant to Texas Family Code section 161.001(b)(1)(D).[1] *See* TEX. FAM. CODE § 161.001(b)(1)(D) (providing trial court may order termination if court finds by clear and convincing evidence parent has knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger physical or emotional well-being of child). I also concur with section 5 of Justice Meza's opinion as I conclude the trial court properly exercised its discretion in appointing the Department of

---

[1] To protect the identity of the minor children, I will refer to appellant as "Mother." *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8.

Family and Protective Services managing conservator of the children. *See* TEX. FAM. CODE § 161.207 ("[I]f the court terminates the parent-child relationship with respect to both parents or to the only living parent, the court shall appoint a suitable, competent adult, Department of Family and Protective Services, or a licensed child-placing agency as managing conservator of the child.").

However, deferring to the trial court's credibility determinations, and to the permissible inferences the trial court could have drawn from the evidence to support its findings, I believe the Department also met its burden and proved by clear and convincing evidence that termination of Mother's parental rights is in the best interest of Mother's children.[2] TEX. FAM. CODE § 263.307(b); *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Because I would affirm the trial court's best interest finding, I respectfully dissent from section 4 of Justice Meza's opinion and would affirm the trial court's judgment terminating Mother's parental rights.

H. Todd McCray, Justice

---

[2] *See In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (explaining that reviewing court must detail evidence relevant to issue of parental termination when reversing finding based upon insufficient evidence, but need not do so when affirming verdict of termination).